UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| BRANDON COLE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No.: 22-1009-CSB |
| | ) |
| BRADLEY STALEY, *et al.*, | ) |
| | ) |
| Defendants. | ) |

### ORDER

**COLIN S. BRUCE, U.S. District Judge:**

This cause is before the Court on Defendants' motion for summary judgment. Defendants are entitled to the summary judgment because the undisputed evidence shows that neither Correctional Officer Bradley Staley nor Correctional Officer Patrick Smith used unconstitutional force against Plaintiff Brandon Cole on February 17, 2021. In addition, the undisputed evidence shows that Defendant Warden Leonta Jackson did not violate Plaintiff's Eighth Amendment rights by failing to protect Plaintiff or by failing to intervene on Plaintiff's behalf to stop the physical attack on him by Officers Staley and Smith on February 17, 2021.

### I.
### MATERIAL FACTS

Initially, the Court notes that, although he filed a response to Defendants' motion for summary judgment, Plaintiff failed to properly respond to Defendants' statement of undisputed facts that is contained within Defendants' motion for summary judgment. Local Rule 7.1(D)(2)(b)(6) provides that "[a] failure to respond to any numbered fact

1

[contained within a motion for summary judgment] will be deemed an admission of the fact." *Id*. Therefore, Plaintiff has admitted all of the relevant facts that show that Defendants are entitled to summary judgment, and the Court incorporates those facts herein. *Parra v. Neal*, 614 F.3d 635, 636 (7th Cir. 2010), *as revised* (July 19, 2010)(internal citations omitted)("At summary judgment, the plaintiffs filed an opposition to the defendants' motion but did not bother to respond to their statement of material facts. The district court thus accepted the defendants' statement of material facts as true. We do as well.").

With that in mind, the undisputed facts show the following. During the relevant time, Plaintiff Brandon Cole was an inmate with the Illinois Department of Corrections ("IDOC") who was housed at the IDOC's Pontiac Correctional Center ("Pontiac"). Plaintiff has since been released from the IDOC, and he is not incarcerated anywhere. Also during the relevant time, Defendant Leonta Jackson was the Warden at Pontiac. Defendants Bradley Staley and Patrick Smith were correctional officers at Pontiac. Correctional Officers Staley and Smith were also members of the Emergency Response Team at Pontiac.

On February 17, 2021, a mental health professional at Pontiac determined that Plaintiff's mental state was such that he needed to be placed in a mental health watch cell where he could be better supervised, for not only his safety, but also for the safety of others. Correctional Officers Staley and Smith were assigned to move Plaintiff from the holding cell to a mental health watch cell. As part of the cell relocation, Correctional Officers Staley and Smith were required to strip search Plaintiff. After Correctional Officers Staley and Smith removed Plaintiff's leg irons while he remained within the

2

holding cell, Plaintiff became agitated by the fact that he was being moved to a mental health watch cell, and he began to kick Correctional Officer Staley. Plaintiff testified during his deposition that he kicked Correctional Officer Staley rather than Correctional Officer Smith because he "didn't like" Correctional Officer Staley. Plaintiff's Dep. at p. 38.

In response to Plaintiff's kicking Correctional Officer Staley, Correctional Officer Staley and Correctional Officer Smith forcibly placed Plaintiff on a metal table that was located within the holding cell. Thereafter, other correctional officers arrived at the holding cell and used physical force against Plaintiff until he was restrained. After Plaintiff had been fully secured, Correctional Officers Staley and Smith (as well as the other correctional officers who had come to the holding cell to assist Correctional Officers Staley and Smith) exited the holding cell.

Although he testified during his deposition and that he was "dizzy" after this physical confrontation and although he believes that he "blacked out" as a result of the physical altercation with Correctional Officers Staley and Smith, Plaintiff did not have any visible injuries as a result of this incident, and the video evidence shows that Plaintiff never lost consciousness after this incident. Plaintiff received medical attention following the physical altercation with Correctional Officers Staley and Smith. In her medical report following her examination of Plaintiff, Nurse Brady indicated that Plaintiff was "sitting in holding tank laughing and carrying on with staff. Individual states his head was pushed into metal piece in holding tank and feels dizzy." Nurse Brady also observed that Plaintiff had "discoloration of left side of head, no open areas noted, no deformations noted, 0 bleeding."

3

Furthermore, Plaintiff testified during his deposition that, prior to February 17, 2021, he had a conversation with Warden Jackson, in which, he reported to Warden Jackson that excessive force was going to be used against him. Plaintiff's Dep. at pgs. 69-75. Although he could not identify the specific date of his conversation with Warden Jackson, Plaintiff testified that the conversation occurred on Pontiac's yard, and the conversation lasted (approximately) twenty (20) minutes. *Id*. Finally, during this conversation, Plaintiff did not identify any specific officer or threat that he feared; instead, Plaintiff simply told Warden Jackson that he feared an assault from every member of the Emergency Response Team. *Id*.

On January 11, 2022, Plaintiff filed this lawsuit under 42 U.S.C. § 1983 alleging that Defendants violated his Constitutional rights on February 17, 2021. After conducting a merit review that is required by 28 U.S.C. § 1915A, the Court found that Plaintiff's Complaint stated two claims: (1) an excessive force claim in violation of his Eighth Amendment rights against Correctional Officers Staley and Smith and (2) a failure to intervene or failure to protect claim against Warden Jackson in violation of his Eighth Amendment rights.

Defendants have now moved for summary judgment on Plaintiff's claims against them. Further facts will be included *infra*, as necessary.

## II.
## LEGAL STANDARDS GOVERNING SUMMARY JUDGMENT

Federal Rule of Civil Procedure 56(a) provides that summary judgment shall be granted if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a); *Ruiz-Rivera v.*

*Moyer*, 70 F.3d 498, 500-01 (7th Cir. 1995). The moving party has the burden of providing proper documentary evidence to show the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986). Once the moving party has met its burden, the opposing party must come forward with specific evidence, not mere allegations or denials of the pleadings, which demonstrates that there is a genuine issue for trial. *Gracia v. Volvo Europa Truck, N.V.*, 112 F.3d 291, 294 (7th Cir. 1997). "[A] party moving for summary judgment can prevail just by showing that the other party has no evidence on an issue on which that party has the burden of proof." *Brazinski v. Amoco Petroleum Additives Co.*, 6 F.3d 1176, 1183 (7th Cir. 1993).

Accordingly, the non-movant cannot rest on the pleadings alone, but must designate specific facts in affidavits, depositions, answers to interrogatories or admissions that establish that there is a genuine triable issue; he must do more than simply show that there is some metaphysical doubt as to the material fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 261 (Brennan, J., dissenting) (1986)(quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)); *Hot Wax, Inc. v. Turtle Wax, Inc.*, 191 F.3d 813, 818 (7th Cir. 1999). Finally, a scintilla of evidence in support of the non-movant's position is not sufficient to oppose successfully a summary judgment motion; "there must be evidence on which the jury could reasonably find for the [non-movant]." *Anderson*, 477 U.S. at 252.

# III.
# DEFENDANTS DID NOT VIOLATE PLAINTIFF'S EIGHTH AMENDMENT RIGHTS

### A. Officers Staley and Smith did not use unconstitutional force against Plaintiff.

The Eighth Amendment prohibits cruel and unusual punishment—including the application excessive force—against prisoners convicted of crimes. *McCottrell v. White*, 933 F.3d 651, 662 (7th Cir. 2019). The "core requirement" of an excessive force claim is that the defendant "used force not in a good-faith effort to maintain or restore discipline, but maliciously and sadistically to cause harm." *Hendrickson v. Cooper*, 589 F.3d 887, 890 (7th Cir. 2009)(internal citation omitted). Courts give deference to prison officials when the use of force involves security measures taken to quell a disturbance because "significant risks to the safety of inmates and prison staff" can be involved. *McCottrell*, 933 F.3d at 663 (quoting *Whitley v. Albers*, 475 U.S. 312, 320 (1986)). Several factors guide the inquiry of whether an officer's use of force was legitimate or malicious, including the need for an application of force, the threat posed to the safety of staff and inmates, the amount of force used, and the extent of the injury suffered by the prisoner. *Hendrickson*, 589 F.3d at 890.

In the instant case, Plaintiff has failed to offer any evidence with which to create a question of fact sufficient to preclude summary judgment in Correctional Officer Staley and Smith's favor on his excessive force claim against them. Although he testified that Correctional Officer Staley and Smith's use of force was excessive and that Correctional Staley and Smith's use of force caused him to suffer injuries, Plaintiff's testimony is belied by the video evidence of the incident that occurred on February 17,

6

2021. The Court has reviewed the recording of the February 17, 2021 incident, and the video evidence does not support Plaintiff's excessive force claim. In fact, the video evidence does not even raise a question of fact that would preclude summary judgment. *Scott v. Harris*, 550 U.S. 372, 580 (2007)(holding that "[w]hen opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment."); *Brady v. Stone*, 2010 WL 2870208, * 14 (E.D. Mich. 2010)("[Plaintiff]'s testimony regarding this occurrence is directly contradicted by the videotape evidence and [Plaintiff]'s admissions to police investigators and medical providers. [Plaintiff]'s testimony is inherently unbelievable, contrary to the record and insufficient as a matter of law to support a cause of action for excessive force under the Fourth Amendment.").

    The video evidence clearly shows that neither Correctional Officer Staley nor Correctional Officer Smith used any force until Plaintiff began to kick Correctional Officer Staley. It is only in response to Plaintiff's kicks that Correctional Officer Staley and Correctional Officer Smith forcibly placed Plaintiff on the metal table in the holding cell. *Lewis v. Downey*, 581 F.3d 467, 476-77 (7th Cir. 2009(holding that a correctional officer is entitled to use force when a prisoner disobeys a valid order, so long as the degree of force was not excessive.); *see also* Seventh Circuit Pattern Jury Instruction 7.18: Eight Amendment Excessive Force Against Convicted Prisoner—Elements ("An officer is entitled to use some force if a prisoner disobeys a valid command. You may still consider, however, whether the amount of force used was excessive.").

The video evidence and Nurse Brady's report also show that Plaintiff did not sustain any serious physical injury as a result of the altercation with Correctional Officers Staley and Smith or as a result of any actions taken against Plaintiff by Correctional Officers Staley and Smith. Accordingly, a reasonable jury could not view the video evidence of the February 17, 2021 incident and, thereafter, find in Plaintiff's favor on his excessive force claim against Correctional Officers Staley and Smith. Therefore, Correctional Officers Staley and Smith are entitled to summary judgment on Plaintiff's excessive force claim against them.

### B. Warden Jackson did not fail to protect Plaintiff.

Likewise, Warden Jackson is entitled to summary judgment because he did not violate Plaintiff's Eighth Amendment rights by failing to protect him or to intervene on his behalf as it relates to the February 17, 2021 incident. To establish a failure to protect claim under the Eighth Amendment, a plaintiff must show "(1) that he was incarcerated under conditions posing a substantial risk of serious harm and (2) that the defendants acted with deliberate indifference to his health or safety." *Santiago v. Walls*, 599 F.3d 749, 756 (7th Cir. 2010). Under the Eighth Amendment, correctional officials have a Constitutional duty to protect inmates from violence. *Farmer v. Brennan*, 511 U.S. 825, 844 (1994). A failure to intervene claim requires evidence of the following: (i) the defendant knew of the unconstitutional conduct; (ii) the defendant had a realistic opportunity to prevent the harm; (iii) the defendant failed to take reasonable steps to prevent the harm; and (iv) the plaintiff suffered harm as a result. *Yang v. Hardin*, 37 F.3d 282, 285 (7th Cir. 1994).

8

That being said, "prisons are dangerous places. Inmates get there by violent acts, and many prisoners have a propensity to commit more." *Grieveson v. Anderson*, 538 F.3d 763, 777 (7th Cir. 2008). A failure to protect claim cannot be predicated "merely on knowledge of general risks of violence in a detention facility." *Brown v. Budz*, 398 F.3d 904, 913 (7th Cir. 2005). Instead, the plaintiff must establish that "the defendant had actual knowledge of an impending harm easily preventable, so that a conscious, culpable refusal to prevent the harm can be inferred from the defendant's failure to prevent it." *Santiago*, 599 F.3d at 756. "[N]egligence, or even gross negligence does not equate to deliberate indifference" and does not state a claim for a violation of the Eighth Amendment. *Johnson v. Dominguez*, 5 F.4th 818, 825 (7th Cir. 2021).

Here, Plaintiff's vague, twenty-minute conversation was insufficient to provide Warden Jackson with a realistic opportunity to prevent the harm that occurred to Plaintiff on February 17, 2021. Plaintiff could not identify when the conversation occurred, and therefore, the Court cannot determine whether the February 17, 2021 incident could be considered "impending." Moreover, Plaintiff did not identify from whom he faced a threat. Plaintiff's fear of the Emergency Response Team as a general group is insufficient.

Finally, Plaintiff did not suffer any harm as a result of Warden Jackson's alleged failure to protect him. As discussed *supra*, Plaintiff was not the victim of any unconstitutional force as a result of Correctional Officers Staley and Smith's actions against him on February 17, 2021, and therefore, Warden Jackson did not violate Plaintiff's Eighth Amendment rights by failing to protect Plaintiff from the excessive force that did not occur.

IT IS, THEREFORE, ORDERED:

1. Defendants' motion for summary judgment [53] is GRANTED.

2. Accordingly, the Clerk of the Court is directed to enter judgment, with prejudice, in all Defendants' favor and against Plaintiff. All other pending motions are denied as moot, and this case is terminated. All deadlines and settings on the Court's calendar are vacated.

3. If he wishes to appeal this judgment, Plaintiff must file a notice of appeal with this Court within thirty (30) days of the entry of judgment. Fed. R. App. P. 4(a)(4).

4. If he wishes to proceed *in forma pauperis* on appeal, Plaintiff's motion for leave to appeal *in forma pauperis* must identify the issues that he will present on appeal to assist the Court in determining whether the appeal is taken in good faith. Fed. R. App. P. 24(a)(1)(c); *Celske v. Edwards*, 164 F.3d 396, 398 (7th Cir. 1999)(an appellant should be given an opportunity to submit a statement of his grounds for appealing so that the district judge "can make a responsible assessment of the issue of good faith."); *Walker v. O'Brien*, 216 F.3d 626, 632 (7th Cir. 2000)(providing that a good faith appeal is an appeal that "a reasonable person could suppose . . . has some merit" from a legal perspective).

5. If he chooses to appeal, Plaintiff will be liable for the $605.00 appellate filing fee regardless of the outcome of the appeal.

Entered this 19th day of August, 2024

                                                  /s Colin S. Bruce  
                                                  COLIN S. BRUCE  
                                       UNITED STATES DISTRICT JUDGE